```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - -:
CONVOLVE, INC. and MASSACHUSETTS     :  00 Civ. 5141 (GBD) (JCF)
INSTITUTE OF TECHNOLOGY,             :
                                     :            MEMORANDUM
            Plaintiffs,              :          AND   ORDER
                                     :
    - against -                      :
                                     :
COMPAQ COMPUTER CORP. and SEAGATE    :
TECHNOLOGY, INC.,                    :
                                     :
            Defendants.              :
- - - - - - - - - - - - - - - - - - -:
JAMES C. FRANCIS IV
UNITED STATES MAGISTRATE JUDGE
```

In this patent infringement action, defendant Compaq Computer Corporation ("Compaq") has moved for clarification of my August 17, 2004 Order that, in part, directed the parties to "exchange updated profit and loss information." Compaq contends that that Order does not require production of the financial information of the Hewlett-Packard Company ("HP"), into which Compaq merged in 2002. Compaq further argues that even if the Order could be so broadly construed, HP's financial information is irrelevant and should not be required to be disclosed. (Letters of Robert J. Goldman and Duane-David Hough dated May 25, 2005 and June 22, 2005).

The plaintiffs, Convolve, Inc. and the Massachusetts Institute of Technology (collectively, "Convolve"), respond that HP continued to sell allegedly infringing Compaq-branded products after the merger and is subject to discovery (and, potentially, a judgment) as Compaq's successor-in-interest under Rule 25(c) of the Federal Rules of Civil Procedure. (Letter of Toni M. Fini dated June 10, 2005).

1

Rule 25(c), however, is not self executing. Rather, by its terms, it requires a motion before a successor-in-interest may be added as a party or substituted for its predecessor. Here, Convolve has never made such a motion. Therefore, the August 17, 2004 Order cannot be interpreted to require disclosure of HP's records, since it was directed only to the parties.

Moreover, while the issue need not be finally resolved at this time, it is doubtful whether adding HP as a party pursuant to Rule 25(c) would suffice to expose it to liability for its own conduct rather than merely making its assets available to satisfy a judgment arising out of Compaq's pre-merger conduct. In order to bring HP into this action as a full-fledged defendant, Convolve would most likely have to move to amend the complaint pursuant to Rule 15(a) and 20(a).

Accordingly, Compaq's application is granted.

SO ORDERED.

JAMES C. FRANCIS IV
UNITED STATES MAGISTRATE JUDGE

Dated:   New York, New York
         June 24, 2005

Copies mailed this date:

Debra Brown Steinberg, Esq.
Toni M. Fini, Esq.
Cadwalader, Wickersham & Taft
One World Financial Center
New York, New York  10281

2

Albert L. Jacobs, Jr., Esq.
Adam B. Landa, Esq.
Greenberg Traurig, LLP
885 Third Avenue
21st Floor
New York, New York  10022

Herbert F. Schwartz, Esq.
Robert J. Goldman, Esq.
Duane-David Hough, Esq.
Robert W. Morris, Esq.
Fish & Neave
1251 Avenue of the Americas
New York, New York  10020

Terrence P. McMahon, Esq.
Steven J. Akerley, Esq.
McDermott, Will & Emery
3150 Porter Drive
Palo Alto, CA  94304

Michael Sommer, Esq.
Ann E. Schofield, Esq.
McDermott, Will & Emery LLC
50 Rockefeller Plaza, 11th Floor
New York, New York  10020