UNITED STATES DISTRICT COURT
SOUTHAL DISTRICT OF NEW YORK

------------------------------------------------------------x

CONVOLVE, INC. and MASSACHUSETTS
INSTITUTE OF TECHNOLOGY,

                            Plaintiffs,

    -against-

COMPAQ COMPUTER CORP. and SEAGATE
TECHNOLOGY LLC,

                            Defendants.

------------------------------------------------------------x

MEMORANDUM DECISION
AND ORDER
00 CV 5141 (GBD)

GEORGE B. DANIELS, District Judge:

      On August 9, 2005 this Court issued a Memorandum Decision and Order after holding a Markman hearing to address the construction of the patent claims in the above caption case. Defendants' Compaq Computer Corporation ("Compaq") and Seagate Technology LLC ("Seagate") (collectively, "defendants") moved for reconsideration and reargument of this Court's August 9, 2005 Decision and Order ("Order") pursuant to Civil Rule 6.3 of the Rules of the United States District Courts for the Southern and Eastern Districts of New York ("Local Rule 6.3") on the grounds that this Court failed to consider the Federal Circuit's en banc decision in Phillips v. AWH Corp., 415 F.3d 1303 (Fed. Cir. July 12, 2005, revised July 14, 2005) (en banc).

      Specifically, defendant Compaq seeks reconsideration of the construction of two terms in the '473 Patent: (1) "user interface;" and (2) "shaping input signals" by reducing "selected unwanted frequencies." Compaq argues that the Court, at plaintiffs' urging, relied too heavily on dictionary definitions when constructing these claims and therefore ran afoul of the holding in Phillips. Defendant Seagate advances a similar argument in its motion which asks the court to

reconsider its claim construction with respect to six different terms: (1) "expressions;" (2) "second constraints;" (3) "minimizes;" (4) "user interface;" (5) "data storage device;" and (6) "outputting commands." Defendants have offered no new arguments nor have they articulated in what manner the Court's claim construction is erroneous.

Contrary to defendants' assertions, this Court considered Phillips which was decided four weeks prior to the issuance of this Court's Order and which was specifically raised in briefing by defendant Compaq by letter dated July 29, 2005 and by defendant Seagate by letter dated August 1, 2005. Consistent with Phillips, this Court stated at the outset that: "[p]roper interpretation looks first to intrinsic evidence: the language of the claims themselves, the patent specification, and the prosecution history. . .[t]he claims are at the center of the analysis" (internal citations omitted). Accordingly, in construing each term or phrase at issue, this Court first focused on intrinsic evidence in reaching each of its conclusions.

Defendants' also incorrectly assert that this Court's use of dictionary definitions during claim construction led it to rely "too heavily" on such extrinsic evidence in violation of Phillips' holding. Phillips expressly states that: ". . .we do not intend to preclude the appropriate use of dictionaries. . . .[which] are often useful to assist in understanding the commonly understood meanings of words and have been used by both our court and the Supreme Court in claim interpretation." 415 F.3d at 1322 (internal citations omitted). In keeping with Phillips' holding, this Court's Order did not utilize dictionary definitions and extrinsic evidence in a vacuum; rather, this Court considered dictionary definitions when offered by the parties' themselves as correct definitions, as well as, to help it understand the commonly understood meaning of certain words used in the patents' themselves. See 415 F.3d at 1319 (stating that extrinsic evidence, though useful, should be "considered in the context of the intrinsic evidence").

Because the Court considered the Phillips decision, defendants' motions have failed to meet their burden under Local Rule 6.3. See In re Health Mgmt. Sys., Inc. Secs. Litig., 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000) (internal citation omitted) (stating "reconsideration. . . is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources"); see also Shrader v. CSX Transp., 70 F.3d 255, 257 (2d Cir. 1995) ("[t]he standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court"). Moreover, Rule 6.3 is not a vehicle for "reargu[ing] those issues already considered when a party does not like the way the original motion was resolved," In re Houbigant, Inc., 914 F. Supp. 997, 1001 (S.D.N.Y. 1996), nor "does it mean the parties get a 'do over.'" Metropolitan Opera Ass'n, Inc. v. Local 100, 2004 U.S. Dist. LEXIS 17093, at *4 (S.D.N.Y. Aug. 27, 2004).

Nothing in this Court's Order is inconsistent with Phillips; nor would reconsideration of anything in Phillips lead this Court to reach a different result. Accordingly, defendants' motions for reconsideration and reargument of this Court's August 9, 2005 Memorandum Decision and Order are denied.

Dated: New York, New York
December 7, 2005

SO ORDERED:

GEORGE B. DANIELS
United States District Judge