```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - -:
CONVOLVE, INC. and MASSACHUSETTS   :  00 Civ. 5141 (GBD) (JCF)
INSTITUTE OF TECHNOLOGY,           :
                                   :        MEMORANDUM
              Plaintiffs,          :        AND   ORDER
                                   :
    - against -                    :
                                   :
COMPAQ COMPUTER CORP. and SEAGATE  :
TECHNOLOGY, LLC,                   :
                                   :
              Defendants.          :
- - - - - - - - - - - - - - - - - -:
JAMES C. FRANCIS IV
UNITED STATES MAGISTRATE JUDGE
```

     This is a motion by the plaintiffs to strike the defendants' amended invalidity contentions in a patent infringement dispute. The defendants, Seagate Technology, LLC ("Seagate") and Compaq Computer Corp. ("Compaq"), served amended invalidity contentions, without leave of court, after the Court issued a claim construction ruling. The plaintiffs, Convolve, Inc. and Massachusetts Institute of Technology (collectively, "Convolve"), move to strike the amendments on the grounds that, pursuant to scheduling orders issued earlier in the case, the defendants are not permitted to serve amendments as of right.

Background

     Defendant Seagate manufactures disk drives, and defendant Compaq produces and distributes computer systems. Pursuant to a confidentiality agreement, Convolve shared proprietary information with the defendants concerning technology that allows a computer

1

user to choose between faster and quieter modes of operation. On July 13, 2000, Convolve filed an action against Compaq and Seagate alleging breach of contract, misappropriation of trade secrets, and patent infringement. (Seagate Technology LLC's Memorandum of Law in Opposition to Plaintiff's Motion to Strike Defendant's Amended Invalidity Contentions ("Seagate Memo."), at 2).

The initial phases of discovery in this case were supervised by a Special Master, Pasquale A. Razzano. On April 16, 2002, Mr. Razzano issued an order entitled "Special Master's Report re: Scheduling and Discovery" (the "Scheduling Order"), which drew upon the Northern District of California Patent Local Rules. (Seagate Memo. at 2; Plaintiffs' Memorandum in Support of their Motion to Strike Defendants' Unauthorized Amended Invalidity Contentions ("Plaintiffs' Memo."), at 6). The Scheduling Order provided for disclosure of the plaintiffs' patent infringement contentions followed by the defendants' invalidity contentions. (Scheduling Order, attached as Exh. G to Affidavit of Kevin J. McNamee dated April 14, 2006 ("McNamee Aff.")). Under the Scheduling Order, the defendants were directed to serve Preliminary Invalidity Contentions by June 21, 2002, and Final Invalidity Contentions by September 20, 2002, which was later extended to October 14, 2002. (Scheduling Order, ¶¶ 3, 7; Seagate Memo. at 3). The Scheduling Order also provided that each party's final infringement and final invalidity allegations could not be amended, except as follows:

> Not later than 50 days after service by the Court of its Claim Construction Ruling, each party opposing a claim of patent infringement may serve "Amended Invalidity Contentions" without leave of Court that amend its "Final Invalidity Contentions". . . if:
>
> > (1) a party claiming patent infringement has served "Amended Infringement Contentions," or
> >
> > (2) the party opposing a claim of patent infringement believes in good faith that the Court's Claim Construction Ruling so requires.
>
> Further amendment or modification of the Final Infringement Contentions or the Final Invalidity Contentions. . . shall be entered only upon a showing of good cause.

(Scheduling Order, ¶ 14(b), (c).

The Court issued its claim construction ruling on August 9, 2005, and the defendants moved for reconsideration. (Seagate Memo. at 3). After the reconsideration motion was briefed but before it was denied, the parties consented to modify the Scheduling Order, and on November 28, 2005, the Court issued an order entitled Stipulation and Order re: Amended Contentions (the "Stipulated Order," attached as Exh. F to McNamee Aff.). The Stipulated Order essentially adopted the same conditions for amendments as the Scheduling Order. However, the Stipulated Order modified the condition permitting the defendants to serve amended invalidity contentions, as of right, once Convolve had served its own amended infringement contentions. Under the Scheduling Order, the defendants could serve amended invalidity contentions, without leave of court, if Convolve served amended infringement

3

contentions. (Scheduling Order, ¶ 14(b)(1)). However, under the Stipulated Order, Seagate and Compaq may serve amended invalidity contentions without leave of court only if Convolve has served amended infringement contentions based upon a good faith belief that the Court's claim construction ruling so requires. (Stipulated Order, ¶¶ 1(a), 1(b)(i)).

On January 23, 2006, Convolve moved to amend its infringement contentions pursuant to ¶ 1(d) of the Stipulated Order, which permits amendment only upon a showing of good cause. (Plaintiffs' Amended Final Disclosure of Asserted Claims and Infringement Allegations ("Plaintiffs' Amended Disclosure"), attached as Exh. 1 to Declaration of Elaine M. Heal dated May 26, 2006 ("Heal Decl.")). Seagate and Compaq each opposed Convolve's motion to amend, arguing that Convolve had failed to demonstrate good cause. (Seagate Technology LLC's Memorandum of Law in Support of its Opposition to Plaintiffs' Motion for Leave to File Amended Patent Infringement Contentions ("Seagate Opp. Memo.") at 5; Defendant Compaq Computer Corporation's Opposition to Plaintiffs' Motion for Leave to File Amended Infringement Contentions ("Compaq Opp. Memo.") at 11-12, attached as Exhs. 1 and 3 to Reply Affidavit of Kevin J. McNamee dated June 22, 2006 ("McNamee Reply Aff.")). On July 19, 2006, the court granted the motion in part and denied it in part. (Order dated July 19, 2006). In the meantime, on February 10, 2006, Seagate and Compaq served amended invalidity

contentions without bringing a motion to amend. (Seagate Technology LLC's Post-Markman Invalidity Contentions ("Seagate Amendments"); Compaq Computer Corporation's Second Amended Final Invalidity Contentions ("Compaq Amendments"), attached as Exhs. A and B to McNamee Aff.). Subsequently, Convolve filed the instant motion to strike the defendants' amended invalidity contentions, asserting that the defendants are not entitled to amend without leave of court under the Stipulated Order. For the following reasons, the plaintiffs' motion is granted.

Discussion

The defendants include seventy-two new prior art references, thirty associated invalidity contentions, and five new non-prior art invalidity theories as amendments to their Final Invalidity Contentions. (Seagate Amendments; Compaq Amendments). Seagate and Compaq claim that they are entitled to amend these invalidity contentions without leave of court under ¶¶ 1(b)(i) and 1(b)(ii) of the Stipulated Order. Because a court has the inherent power to enforce its scheduling orders, ¶¶ (1)(b)(i) and 1(b)(ii) of the Stipulated Order govern the ruling on the plaintiffs' motion to strike the defendants' amended invalidity contentions. Finisar Corp. v. DirectTV Group, Inc., 424 F. Supp. 2d 896, 899 (E.D. Tex. 2006). While there may be other grounds under ¶ 1(d) of the Stipulated Order for allowing the defendants to amend their invalidity contentions, such as good cause, the defendants did not

articulate these grounds in a motion to amend.  Consequently the only issue to determine is whether the defendants were permitted to make these amendments without leave of court pursuant to ¶ 1(b)(i) or ¶ 1(b)(ii).[1]  Hence, Seagate and Convolve do not satisfy the conditions of either section.

   A. Paragraph 1(b)(i)

   Under ¶ 1(b)(i) of the Stipulated Order, Seagate and Compaq may serve amended invalidity contentions without leave of court if Convolve has served Amended Patent Infringement Contentions pursuant to ¶ 1(a) of the Stipulated Order.  Paragraph 1(a) allows Convolve to serve amended infringement contentions without leave of court if it believes in good faith that the court's claim construction ruling so requires.

   Convolve submitted its amended infringement allegations pursuant to ¶ 1(d) of the Stipulated Order, rather than ¶ 1(a).  Paragraph 1(d) states that amendments other than those expressly permitted in either ¶ 1(a) or ¶ 1(b) may be made only by order of the Court upon a showing of good cause.  The defendants clearly understood that Convolve moved to amend pursuant to ¶ 1(d), because they argued that Convolve failed to meet its burden of showing good cause for leave to amend.  Moreover, the plaintiffs would not have been required to file a motion had they amended as of right under

---

[1] Seagate states that should the Court strike its amendments under ¶¶ 1(b)(i) and 1(b)(ii), it will move to amend for good cause pursuant to ¶ 1(d).  (Seagate Memo. at 5 n.3).

6

¶ 1(a).

Therefore, because Convolve did not serve amended infringement contentions pursuant to ¶ 1(a), the defendants are not entitled to served amended invalidity contentions as of right under ¶ 1(b)(i).

B. Paragraph 1(b)(ii)

Paragraph 1(b)(ii) of the Stipulated Order allows a party opposing a claim of patent infringement to serve amended invalidity contentions if that party believes in good faith that the Court's claim construction ruling so requires. Like the Northern District of California Patent Local Rules after which it was modeled, ¶ 1(b)(ii) is an exception intended to allow a party to respond to an unexpected claim construction by the court. Finisar Corp., 424 F. Supp. 2d at 901. This exception does not mean that after every claim construction, new invalidity contentions may be filed. Id. Moreover, the right to amend is subject to the court's duty to avoid unfair prejudice to the opposing party, especially since the local patent rules exist to further the goal of timely discovery. IXYS Corp. v. Advanced Power Technology., Inc., No. C 02-03942, 2004 WL 1368860, at *1, 3 (N.D. Cal. June 16, 2004).

    1. Purpose of the Local Patent Rules

According to Seagate, the Court did not adopt any of its proposed claim constructions.[2] (Seagate Memo. at 5). Seagate

---

[2] This characterization is contradicted by Seagate's own statement that with respect to the Hawk disk drives, the court's claim construction is a hybrid of the plaintiffs' and the

argues that this triggered the ¶ 1(b)(ii) exception, allowing it to amend its invalidity contentions as of right because of a good faith belief that the Court's claim construction so requires. (Seagate Memo. at 4-5).  However, although the Court may have adopted most of Convolve's claim constructions, parties who are on notice of the opposing party's claim construction and do not prepare for the fact that the court may adopt it can be held accountable.  <u>See, e.g.</u>, <u>Union Carbide Chemicals & Plastics Technology Corp. v. Shell Oil Co.</u>, 270 F. Supp. 2d 519, 524 (D. Del. 2003) (refusing to reopen discovery on defendants' amended invalidity contentions because defendants had previously been on notice of plaintiffs' proposed claim construction and had opportunity to prepare for it).

Here, Seagate acknowledged that it was on notice of the plaintiffs' claim construction when it stated in its Final Invalidity Contentions, dated October 14, 2002, that Convolve's purported claim construction was overly broad. (Seagate Technology LLC's Final Invalidity Contentions ("Final Invalidity Contentions"), attached as Exh. L to McNamee Aff., at 1).  Because Seagate believed Convolve's claim construction was overly broad, it did not include in its Final Invalidity Contentions numerous prior art references that would have been implicated by Convolve's claim

---

defendants' proposed claim constructions. (Seagate Memo. at 11-12).

construction. (Final Invalidity Contentions at 1). Seagate asserted that to the extent that such an overly broad construction was adopted by the Court, it reserved the right to amend any of its allegations. (Final Invalidity Contentions at 1).

By purportedly reserving this option, Seagate violated the purpose of the Northern District of California Patent Local Rules. The philosophy behind those rules is to ensure that parties "crystallize their theories of the case early in the litigation and adhere to these theories once they have been disclosed." Atmel Corp. v. Information Storage Devices, Inc., No. C 95-1987, 1998 WL 775115, at *2 (N.D. Cal. Nov. 5, 1998). In contrast to the liberal policy governing amendment of pleadings, the philosophy underlying amendment of invalidity or infringement contentions is "decidedly conservative" and designed to ensure that litigants do not continue to shift their theories after each claim construction ruling. Id. The defendants argue that cases like Atmel, which apply the pre-2001 local patent rules, should not be relied upon, because the newer rules make amendment to claim construction somewhat easier. See LG Electronics Inc. v. Q-lity Comp. Inc., 211 F.R.D. 360, 367 (N.D. Cal. 2002). However, the reasoning in Atmel applies equally to the current version of the rules. Id. Therefore, given the defendants' awareness of Convolve's purportedly overly broad claim construction, they should have crystallized their invalidity theory early in the case and should not be allowed to change their theory

9

at this point in the litigation.

### 2. Violation of the Scheduling Order

By attempting to reserve the right to amend its invalidity contentions, Seagate also violated the Scheduling Order. The Scheduling Order directed the defendants to identify in their invalidity contentions all prior art relevant to the patent claims as the plaintiffs asserted them, and not just as the defendants construed them. (Scheduling Order, ¶ 3). Therefore, Seagate and Compaq were required to identify prior art relevant to Convolve's claim construction despite their belief that Convolve's claim construction was overly broad. Compaq nevertheless argues that the Scheduling Order did not require the defendants to take a position on secondary indicia of non-obviousness. (Defendant Compaq Computer Corporation's Opposition to Plaintiffs' Motion to Strike Compaq's Amended Invalidity Contentions ("Compaq Memo."), at 12). According to Compaq, because the Scheduling Order did not direct Compaq to disclose its position regarding secondary indicia of non-obviousness, the Stipulated Order does not bar Compaq from amending its Final Invalidity Contentions to assert the defense that secondary factors favor invalidity, given that the Stipulated Order only governs amendments that the defendants were directed to disclose under the Scheduling Order. (Stipulated Order, ¶ 1).

Secondary indicia of non-obviousness are related to the obviousness invalidity theory, under which patent claims are

invalid if the disclosed invention is obvious to one skilled in the art. ABB Air Preheater, Inc. v. Regenerative Environmental Equipment Co., 167 F.R.D. 668, 673 (D.N.J. 1996). Under the established order of proof, a patent challenger bears the initial burden of demonstrating that the claimed invention is obvious to one of ordinary skill in the art. Orthokinetics, Inc. v. Safety Travel Chairs, Inc., 806 F.2d 1565, 1570 (Fed. Cir. 1986); ABB Air Preheater, Inc., 167 F.R.D. at 673. Subsequently, the burden shifts to the patentee to come forward with secondary indicia of non-obviousness. ABB Air Preheater, 167 F.R.D. at 673. Secondary indicia of non-obviousness include commercial success of the invention, failed attempts to develop the invention, and copying of the invention. Id. Only after the patentee has introduced such evidence would the patent challenger rebut the patentee's secondary indicia of non-obviousness.

Here, Compaq argues that there are no secondary indicia of non-obviousness, because there were no failed attempts to develop the invention, no commercial success, and no copying. (Compaq Amendment at 16-17). Because Convolve has not presented evidence of non-obviousness, Compaq's argument appears to be a preemptive rebuttal subverting the established order of proof in patent infringement litigation. However, Compaq denies this and contends that secondary considerations are in fact part of the obviousness contention necessary to make a prima facie case of invalidity.

11

Compaq points out that the legal conclusion that a claim is obvious depends on at least four underlying factual issues: (1) the scope and content of the prior art; (2) differences between the prior art and the claims at issue; (3) the level of ordinary skill in the pertinent art; and (4) evaluation of any relevant secondary considerations. See Graham v. John Deere Co. of Kansas City, 383 U.S. 1, 17 (1966); Princeton Biochemicals, Inc. v. Beckman Coulter, Inc., 411 F.3d 1332, 1336 (Fed. Cir. 2005).

However, if in fact secondary considerations are part of the obviousness defense, then Compaq was directed to disclose this under ¶ 3 of the Scheduling Order, which called for the disclosure of items of prior art that rendered asserted patents claims obvious. (Scheduling Order, ¶ 3). Since Compaq did not disclose secondary indicia of non-obviousness in its Final Invalidity Contentions, it cannot now amend without leave of court to include these contentions.

### 3. Violation of Discovery Orders

Additionally, by unilaterally reserving the right to amend, Seagate not only contravenes the Scheduling Order and the intent behind the local patent rules, but also violates three discovery orders previously entered in this case with respect to the Hawk disk drives. These orders restrict discovery to Hawk 2 drives, and preclude the defendants from expanding discovery to the other Hawk drives, known as the Hawk Family. Convolve, Inc. v. Compaq

Computer Corp., 223 F.R.D. 162, 177-80 (S.D.N.Y. 2004).  Seagate argues that the Court's claim construction regarding the phrase "user interface" requires the addition of the Hawk Family.  (Seagate Memo. at 11-12).  However, the Court's construction did not simply adopt Convolve's construction of the phrase, but instead adopted a construction that was a hybrid of both parties' proposals.  (Order dated August 9, 2005, attached as Exh. 3 to Heal Decl.).  As it is common for courts to adopt hybrid claim constructions, Seagate cannot argue that it could not have anticipated the Court's construction of the phrase "user interface," and therefore that it has the right to include the Hawk Family as a new prior art defense.  Finisar Corp., 424 F. Supp. at 901.  Accepting Seagate's argument would encourage parties to file narrow claim constructions in order to hide prior art until later in the litigation.  Id.

        4.   Prejudice to the Plaintiffs

Finally, the defendants' right to amend pursuant to ¶ 1(b)(ii) is constrained by the Court's duty to avoid prejudice to Convolve.  Finisar Corp., 424 F. Supp. at 900.  In assessing the extent of prejudice, courts have looked to the number of prior art references being introduced in amendments.  See, e.g., Baldwin Graphics Systems Inc., v. Siebert, Inc., No. 03 C 7713, 2006 WL 1554529, at *3 n.2 (N.D. Ill. June 1, 2006).  The court in Baldwin acknowledged that certain invalidity arguments become relevant only after a

13

court's claim construction but noted that in cases like Finisar, which involved fifty-eight new prior art references, invalidity arguments should be excluded. Id.

Here, the prejudice to Convolve associated with reopening discovery on seventy-two new prior art references is even greater than the prejudice identified in Finisar. Seagate argues that Convolve will have ample opportunity to respond to its invalidity contentions, because no trial date has been set and the fifteen-month expert discovery schedule does not begin until the ruling on this motion. (Seagate Memo. at 14). However, "extensions of deadlines can not be the answer to every late disclosure, of information. Enough time and money will eventually cure any prejudice caused by late disclosure of information, but that will not result in the 'just, speedy, and inexpensive determination of every action.'" Finisar Corp., 424 F. Supp. at 902 (quoting Fed. R. Civ. P. 1) (emphasis omitted). This case was commenced six years ago. Therefore, the long extension of the discovery deadline that would be necessitated by the putative amendments would be prejudicial.

Conclusion

For the reasons set forth above, Convolve's motion to strike the defendants' amended invalidity contentions is granted. Expert discovery shall commence immediately.

SO ORDERED

*James C. Francis IV*

JAMES C. FRANCIS IV
UNITED STATES MAGISTRATE JUDGE

Dated:    New York, New York
          August 31, 2006

Copies mailed this date:

Debra Brown Steinberg, Esq.
Kevin J. McNamee, Esq.
Cadwalader, Wickersham & Taft
One World Financial Center
New York, New York  10281

Albert L. Jacobs, Jr., Esq.
Adam B. Landa, Esq.
Greenberg Traurig, LLP
200 Park Avenue, 34th Floor
New York, New York  10166

Herbert F. Schwartz, Esq.
Robert W. Morris, Esq.
Robert J. Goldman, Esq.
Duane-David Hough, Esq.
Ropes & Gray LLP
1251 Avenue of the Americas
New York, New York  10020

Michael Sommer, Esq.
Ann E. Schofeld, Esq.
McDermott, Will & Emery LLP
340 Madison Avenue
New York, New York 10017

Terence P. McMahon, Esq.
Steven J. Akerley, Esq.
Lucy H. Koh, Esq.
McDermott Will & Emery
3150 Porter Drive
Palo Alto, CA 94304