```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - -:
CONVOLVE, INC. and MASSACHUSETTS       :   00 Civ. 5141 (GBD) (JCF)
INSTITUTE OF TECHNOLOGY,               :
                                       :          MEMORANDUM
             Plaintiffs,               :          AND   ORDER
                                       :
     - against -                       :
                                       :
COMPAQ COMPUTER CORP. and SEAGATE      :
TECHNOLOGY, LLC,                       :
                                       :
             Defendants.               :
- - - - - - - - - - - - - - - - - - - -:
JAMES C. FRANCIS IV
UNITED STATES MAGISTRATE JUDGE
```

Seagate Technology, LLC ("Seagate") has moved for reconsideration of my Memorandum and Order dated August 31, 2006 (the "August 31 Order"), in which I granted the motion of the plaintiffs Convolve, Inc. and the Massachusetts Institute of Technology (collectively, "Convolve") to strike amended invalidity contentions that the defendants had served without leave of court. For the reasons that follow, Seagate's motion is denied. Seagate also moves to strike an affidavit submitted by Convolve in opposition to the motion to reconsider. Because Convolve's affidavit is unnecessary to the determination here, Seagate's motion to strike is denied as moot.

In connection with an earlier application by Seagate with regard to a different issue, I outlined the standards for reconsideration:

> "[R]econsideration will generally be denied unless the moving party can point to controlling decisions or data

1

that the court overlooked -- matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transportation, Inc., 70 F.3d 255, 257 (2d Cir. 1995) (citations omitted). Reconsideration "should not be granted where the moving party seeks solely to relitigate an issue already decided." Id. Thus, a motion for reconsideration is not simply a vehicle for a party to make "repetitive arguments on issues that have been thoroughly considered by the court." Range Road Music, Inc. v. Music Sales Corp., 90 F. Supp. 2d 390, 391-92 (S.D.N.Y. 2000).

Moreover, the moving party may not use such a motion to "advance new facts, issues or arguments not previously presented to the Court." Davidson v. Scully, 172 F. Supp. 2d 458, 461 (S.D.N.Y. 2001); see also Bank Leumi Trust Co. of New York v. Istim, Inc., 902 F. Supp. 46, 48 (S.D.N.Y. 1995). "These limitations are designed to ensure finality and prevent the rule [allowing reconsideration] from becoming a vehicle by which a losing party may examine a decision 'and then plug[] the gaps of the lost motion with additional matters.'" Zoll v. Jordache Enterprises Inc., No. 01 Civ. 1339, 2003 WL 1964054, at *2 (S.D.N.Y. April 24, 2003) (quoting Carolco Pictures, Inc. v. Sirota, 700 F. Supp. 169, 170 (S.D.N.Y. 1988)).

Convolve Inc. v. Compaq Computer Corp., 223 F.R.D. 162, 179 (S.D.N.Y. 2004). Here, Seagate offers six arguments in support of reconsideration. None is persuasive.

First, Seagate contends that because the Honorable George B. Daniels, U.S.D.J., declined to strike certain arguments concerning invalidity that Seagate raised during Markman proceedings, I am obligated to permit the proffered amendments now. (Seagate Technology LLC's Memorandum of Law in Support of its Motion for Reconsideration of This Court's Order of August 31, 2006 Granting Plaintiffs' Motion to Strike Seagate's Post-Markman Invalidity

2

Contentions and for Stay of Expert Discovery Pending Final Resolution of Disputes Regarding Plaintiffs' Infringement Contentions and Defendants' Invalidity Contentions ("Seagate Memo.) at 6-8). That is a <u>non</u> <u>sequitur</u>. Judge Daniels allowed Seagate to advance contentions in connection with the adjudication of claim construction. That has no bearing on the legitimacy of amending invalidity contentions under the Stipulated Order that was at issue in the August 31 Order.

Next, Seagate suggests that it was not on notice of Convolve's claim construction at the time that it filed its Final Invalidity Contentions. (Seagate Memo. at 8-10). This is belied by Seagate's own assertion at that time that Convolve's purported claim construction was overly broad. (August 31 Order at 8). In any event, it was well after the parties had submitted their Joint Claim Construction Statement (which indisputably put each side on notice of the other's claim constructions) that Seagate agreed to the Stipulated Order that limited its ability to amend its invalidity claims without leave of court.

Third, Seagate argues that the terms of the Stipulated Order should not be enforced because it would be unfair to deny amendment on the basis of procedural technicalities. (Seagate Memo. at 10-11). But adherence to neutral procedures is precisely what constitutes fairness. Furthermore, Seagate improperly relies on comments of a judge of the Federal Circuit during an unrelated oral

3

argument. Judicial statements during argument are often intended to be provocative and do not necessarily reflect the considered opinion of the speaker, let alone a formal ruling of the court. If such comments were routinely cited as precedent, the consequence would be to chill the unfettered intellectual sparring that takes place during argument.

Fourth, Seagate maintains that it was erroneous to enforce the terms of the Stipulated Order to the extent that it differed from the scheduling order that preceded it because "[t]here is no evidence in the record that the change was intended to change any rights." (Seagate Memo. at 11-12). No such extrinsic evidence was necessary. The plain language of the Stipulated Order dictates the result reached in the August 31 Order.[1]

Fifth, Seagate contends that it should have been permitted to amend its invalidity contentions to include as prior art the entire family of Hawk disc drives rather than only the Hawk 2 drive because Judge Daniels' claim construction was not a "hybrid," but exceeded the construction suggested by either party to the extent

---

[1] In light of this analysis, it is unnecessary to consider the Affidavit of Debra Brown Steinberg dated Oct. 24, 2006 (the "Steinberg Affidavit"), in which she presents evidence that the alteration in question was contained in numerous drafts of the Stipulated Order that were exchanged between counsel prior to its execution. Accordingly, I need not determine the merit of Seagate's argument that the Steinberg Affidavit should be stricken because its filing violated Local Civil Rule 6.3 which states in part that, in connection with a motion for reconsideration, "[n]o affidavits shall be filed by any party unless directed by the court."

that it defined "user interface" as "software, hardware, firmware, or a combination thereof that a allows a person, directly <u>or indirectly</u>, to alter parameters." (Seagate Memo. at 12-13). This argument relies on an insubstantial semantic distinction. While Convolve's proposed construction of "user interface" did not explicitly use the term "indirectly," it plainly incorporated the meaning of that word. Convolve proposed a definition of user interface as:

> any software, hardware, firmware, or combination thereof which can be used to alter operational parameters of a data storage device. A user interface does not require direct access by a person but may be accessed via other software or hardware, e.g., as a jumper, protocol, software program, keyboard or mouse.

Finally, Seagate claims that it was inappropriate to find that Convolve would be prejudiced by allowing the proposed amendments merely because doing so would necessitate additional discovery. (Seagate Memo. at 13-14). Seagate is incorrect. The cost and delay involved in reopening discovery may constitute prejudice sufficient to warrant even the exclusion of otherwise critical evidence. See <u>Design Strategy, Inc. v. Davis</u>, 469 F.3d 284, 296-97 (2d Cir. 2006).

Thus, there is no basis for reconsideration.

Anticipating this result, Convolve seeks an award of the costs and attorneys' fees that it has incurred in connection with this motion. This is a close question. "Any attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously

5

may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927. Similar sanctions are also available pursuant to the inherent powers of the court. See <u>DLC Management Corp. v. Town of New Hyde Park</u>, 163 F.3d 124, 136 (2d Cir. 1998).[2] Here, Seagate's reconsideration motion was undoubtedly a waste of resources. However, given the stakes involved, I do not find that it was brought in bad faith. Convolve's application for sanctions is therefore denied.

Conclusion

For the reasons set forth above, Seagate's motion for reconsideration of the August 31 Order is denied, and its motion to strike the Steinberg Affidavit is denied as moot. Convolve's application for an award of costs and fees incurred in connection with the reconsideration motion is also denied.

SO ORDERED.

*[signature]*
JAMES C. FRANCIS IV
UNITED STATES MAGISTRATE JUDGE

---

[2] The other two sources of authority relied upon by Convolve do not appear to be available in the present circumstances. Rule 37(c) of the Federal Rules of Civil Procedure deals with discovery abuses, and even though the underlying issues here relate to discovery, the abusive use of a motion for reconsideration does not. And, although Convolve could seek sanctions under Rule 11, it has not complied with that rule's safe harbor provision.

6

Dated:    New York, New York
          February 7, 2006

Copies mailed this date:

Debra Brown Steinberg, Esq.
Kevin J. McNamee, Esq.
Cadwalader, Wickersham & Taft
One World Financial Center
New York, New York  10281

Albert L. Jacobs, Jr., Esq.
Adam B. Landa, Esq.
Greenberg Traurig, LLP
200 Park Avenue, 34th Floor
New York, New York  10166

Herbert F. Schwartz, Esq.
Robert W. Morris, Esq.
Robert J. Goldman, Esq.
Duane-David Hough, Esq.
Ropes & Gray LLP
1251 Avenue of the Americas
New York, New York  10020

Michael Sommer, Esq.
Ann E. Schofeld, Esq.
McDermott, Will & Emery LLP
340 Madison Avenue
New York, New York 10017

Terence P. McMahon, Esq.
Steven J. Akerley, Esq.
Lucy H. Koh, Esq.
McDermott Will & Emery
3150 Porter Drive
Palo Alto, CA 94304