```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - -:
CONVOLVE, INC. and MASSACHUSETTS     :  00 Civ. 5141 (GBD) (JCF)
INSTITUTE OF TECHNOLOGY,             :
                                     :         MEMORANDUM
              Plaintiffs,            :         AND   ORDER
                                     :
     - against -                     :
                                     :
COMPAQ COMPUTER CORP. and SEAGATE    :
TECHNOLOGY, LLC,                     :
                                     :
              Defendants.            :
- - - - - - - - - - - - - - - - - - -:
JAMES C. FRANCIS IV
UNITED STATES MAGISTRATE JUDGE
```

One of the defendants in this patent infringement case, Seagate Technology, LLC ("Seagate"), previously moved to amend its invalidity contentions for good cause. In a Memorandum and Order dated March 7, 2007 (the "3/7/07 Order"), I substantially denied Seagate's motion. However, I noted that "[a]mendment may be permitted where, although the moving party did not revise its formal infringement or invalidity contentions in a timely manner, its adversary nevertheless had adequate notice of the substance of the moving party's position." (3/7/07 Order at 6-7). Since Seagate's expert, Dr. Gene F. Franklin, had submitted two declarations in connection with Seagate's claim construction arguments, I observed that it was possible that the plaintiffs, Convolve, Inc. and Massachusetts Institute of Technology (collectively, "Convolve"), might have notice of some of Seagate's proposed amendments to the extend that they relate directly to Dr.

1

Franklin's submissions. (3/7/07 Order at 7). I therefore directed counsel to attempt to stipulate which amendments should be accepted on that basis, failing which they were to submit supplemental briefs "tracking the relationship between specific portions of Dr. Franklin's [declarations] and the proposed amended invalidity contentions to which they relate." (3/7/07 Order at 7). Counsel were unable to reach agreement, and they submitted additional memoranda. Seagate now contends that Dr. Franklin's declarations "provided notice of the substance of Seagate's proposed amended invalidity contentions as to sixteen printed references and related prior art drives." (Seagate Technology LLC's Supplemental Memorandum in Support of Its Motion to Amend Its Invalidity Contentions Regarding U.S. Patent No. 4,916,635 for Good Cause ("Seagate Memo.") at 1 (emphasis omitted)).[1] In addition, Seagate

---

[1] Seagate denominated its amended invalidity contentions as "Seagate LLC's Post-Markman Invalidity Contentions" (referred to hereafter as "Post-Markman Invalidity Contentions" and attached as Exh. D to Declaration of Mary B. Boyle dated May 20, 2007 ("Boyle Decl.")). The prior art references now at issue and their numerical designations in the Post-Markman Invalidity Contentions are as follows: G.H. Tallman & O.J.M. Smith, Analog Study of Dead-Beat Posicast Control, IRE Transactions on Automatic Control (1958) ("Tallman Posicast Article") (Prior Art Reference 49); Peter H. Meckl & Warren P. Seering, Reducing Residual Vibration in Systems with Time-Varying Resonances, 3 IEEE Int'l Conf. on Robotics and Automation (1987) ("Meckl") (50); C.J. Swigert, Shaped Torque Techniques (1980) ("Swigert") (66); John A. Breakwell, Optimal Feedback Slewing of Flexible Spacecraft, 4:5 J. Guidance and Control (1981) ("Breakwell") (53); I. Yamada, & M. Nakagawa, Reduction of Residual Vibrations in Positioning Control Mechanism, 107 J. of Vibration, Acoustics, Stress, and Reliability Design, (Jan. 1985) ("Yamada") (57); Ronald A. Werner & Jose B. Cruz, Feedback Control Which Preserves Optimality for Systems with

proposes to add as prior art certain disk drives that are "described in and/or related to" printed prior art references. (Seagate Memo. at 6).[2]

The touchstone of the analysis, as made clear by my prior order, is fair notice. Dr. Franklin may be able to demonstrate in retrospect that a person of ordinary skill in the art would be able to follow a series of intermediate steps that link a statement in one of Dr. Franklin's prior declarations to a newly identified item of prior art. However, the more attenuated the relationship, the less adequate the notice.

   A. <u>New Materials</u>

   Six printed prior art references and three patents identified

---

Unknown Parameters, AC-13:6 IEEE Transactions on Automatic Control (Dec. 1958) ("Werner") (56); Control Data Corporation, <u>Cartridge Module Driver Hardware Maintenance Manual</u> (1979) ("CDC-CMD Manual") (58); Control Data Corporation, <u>Finch Disk Drive Model 9410 Hardware Maintenance Manual</u> (1983) ("CDC-Finch Manual") (59); Phillips & Nagel, Digital Control Systems Analysis and Design (Prentice Hall 1984) ("Phillips") (60); Franklin, Powell, & Enami-Naeini, Feedback Control of Dynamic Systems (Addison Wesley 1986) ("Franklin") (62); Ferdinand A. Samuels, <u>Beyond the Second Order System in Track Following Servos</u>, Mag-14:4 IEEE Transactions on Magnetics (July) 1978 ("Samuels") (54); Robert D. Commander & J.R. Taylor, <u>Servo Design for an Eight-Inch Disk File</u>, IBM Disk Storage Technology (Feb. 1980) ("Commander") (52); IBM TDB, R.S. Palmer, <u>Automatic Notch Frequency Control for Servo Stabilization</u>, 19:10, 3860-62 (March 1977), IBM TDB, R.S. Palmer, <u>Oscillating Notch Filter</u>, 19:10 (March 1977) ("Palmer") (64); U.S. Patent No. 4,963,806 (43); U.S. Patent No. 2,996,689 (46); U.S. Patent No. 4,195,265 (48).

   [2] These disk drives are identified as CMD, Finch, SMD, Hawk 14", Falcon, Phoenix, Lark, Wren I, II, III, IV, MMD, and RMD (Seagate Memo. at 6).

in Seagate's Post-Markman Invalidity Contentions were not mentioned in Dr. Franklin's prior declarations.  These are the Breakwell, Yamada, Werner, Samuels, Commander, and Palmer references and the '806, '689, and '265 patents.  (Seagate Memo. at 6).  Seagate contends that Convolve had notice of the new printed references because of their similarity to references that Dr. Franklin did cite in his prior declarations.  For example, in his 2004 declaration, Dr. Franklin discussed the Swigert paper and stated that it "describes synthesizing wave forms."  (Declaration of Gene F. Franklin dated March 21, 2004 ("Franklin 2004 Decl."), ¶ 38).  Now, Dr. Franklin states that Breakwell "expresses the same idea of generating an input using a feedback law which is equivalent to synthesizing waveforms, as accomplished in Swigert."  (Declaration of Gene F. Franklin dated May 18, 2007 ("Franklin 2007 Decl."), Exh. B at 29).  But the fact that one of the prior declarations articulated a particular concept does not mean that it gave fair notice to Convolve that Seagate would rely on any other prior art embodying the same concept.  Such a principle would gut the requirement that prior art be specifically identified in the first instance.  Seagate therefore shall not be permitted to amend its invalidity contentions to rely on previously undisclosed printed references.

By the same rationale, Seagate's attempt to amend its invalidity contentions to add citations to previously unidentified

4

patents must also be rejected.  For example, in his 2003 declaration, Dr. Franklin attested that "the CDC Finch manual [] discloses a conventional notch filter for reducing the effects of resonant vibrations."  (Declaration of Gene F. Franklin dated Jan. 14, 2003 ("Franklin 2003 Decl."), ¶ 28).  Now, he posits that "[a] person of ordinary skill in the art would understand that the system described in the '689 Patent is designed to minimize unwanted resonances." (Franklin 2007 Decl., Exh. B at 97).  Again, however, the principle of notice would be undermined if merely identifying one prior art reference that expressed a relevant concept would open the door to amendments to add any patent that is purportedly designed to serve a similar purpose.

    B. Previously Identified Sources

The remaining printed references were discussed in Dr. Franklin's earlier declarations. These are the Tallman Posicast Article, Meckl, Swigert, Phillips, Franklin, and the CDC-CDM and CDC-Finch Manuals.  (Seagate Memo. at 6).  There are however, disputes concerning the appropriate scope of any amendments based on these sources.

First, Convolve objects to Seagate's attempt to rely on these references with respect to the alleged invalidity of claims 2, 3, 4, 7, 11, 21, and 24, because Dr. Franklin's prior declarations only addressed claim 1.  (Franklin 2003 Decl., ¶ 19; Franklin 2004 Decl., ¶ 7).  In response, Seagate argues that

5

> patent claims can be grouped together for invalidity analysis to the extent that the same issues are involved. Here, the same issues are involved -- Seagate's invalidity contentions regarding the elements of claim 1 apply equally to the other claims where the same elements appear "[b]ecause claim terms are normally used consistently throughout the patent."

(Seagate Technology LLC's Supplemental Reply Memorandum in Support of Its Motion to Amend Its Invalidity Contentions Regarding U.S. Patent No. 4,916,635 for Good Cause ("Seagate Reply Memo.") at 6 (citing Dayco Products, Inc. v. Total Containment, Inc., 329 F.3d 1358, 1379-71 (Fed. Cir. 2003)) (quoting Phillips v. AWH Corp., 415 F.3d 1303, 1314 (Fed. Cir. 2005)(en banc)). However, the requirements for disclosing invalidity contentions in this case were established by the Special Master in an Order dated April 16, 2002, and they included:

> (a) The identity of each item of prior art that allegedly anticipates each asserted claim or renders it obvious.
>
> . . . .
>
> (b) Whether each item of prior art anticipates each asserted claim or renders it obvious.
>
> . . . .
>
> (c) A chart identifying where specifically in each alleged item of prior art each element of each asserted claim is found. . . .

(Special Master's Report Re Scheduling and Discovery dated April 16, 2002 ("Special Master's Report"), attached as Exh. 8 to Affidavit of James T. Bailey dated June 22, 2007 ("Bailey Aff."), ¶ 3).  Seagate's suggestion that identifying prior art in

6

connection with one claim gives sufficient notice with respect to reliance upon it in connection with another claim runs counter to the Special Master's clear instruction that invalidity contentions be charted on a claim-by-claim and element-by-element basis.

Second, Seagate contends that it should be allowed to amend its invalidity contentions to assert obviousness on the basis of Dr. Franklin's earlier declarations, even though Dr. Franklin only addressed theories of anticipation. Seagate relies on Connell v. Sears, Roebuck & Co., 722 F.2d 1542 (Fed. Cir. 1983), in which the court held that "[a]nticipation requires the presence in a single prior art disclosure of all elements of a claimed invention arranged as in the claim." Id. at 1548. Thus, "a disclosure that anticipates . . . also renders the claim invalid [as obvious], . . . for 'anticipation is the epitome of obviousness.'" Id. (quoting In re Fracalossi, 681 F.2d 792 (C.C.P.A. 1982)); see also Johns Hopkins University v. CellPro, Inc., 152 F.3d 1342, 1357 n.21 (Fed. Cir. 1998). But the fact that prior art that establishes anticipation also necessarily establishes obviousness does not mean that notice of one defense is equivalent to notice of the other. As the court pointed out in Connell, proof of obviousness involves evidence that would be irrelevant to anticipation. 722 F.2d at 1548. Accordingly, a patent holder needs to know which defense it will face in order to prepare its rebuttal. Moreover, an item of prior art on which an anticipation defense is based may be used in

connection with an obviousness defense not only by itself, but also in combination with other prior art. The Special Master's order reflected this when it required the defendants to indicate specifically whether prior art is alleged to be invalidating on grounds of anticipation or on grounds of obviousness and, if the latter, what combination of prior art items render the claim obvious. (Special Master's Report, ¶ 3(b)). Consequently, Dr. Franklin's previous identification of prior art as supporting an anticipation defense does not provide sufficient notice that Seagate would also rely on that prior art as the basis for an obviousness defense, and amendments asserting previously undisclosed obviousness defenses are therefore precluded.

Third, there is ample information in the charts accompanying Seagate's Post-Markman Invalidity Contentions that was never directly discussed in Dr. Franklin's prior declarations although it is derived from the sources he cited. (Bailey Aff., Exhs. 12-20 (pink highlighted material)). According to Seagate, these materials "are either for context or for elaboration. Without exception, the 'new' materials raise no new invalidity theories." (Seagate Reply Memo. at 5 (citation omitted)). If that is truly the case, they are not a necessary part of Seagate's invalidity contentions, and there is no basis for permitting their inclusion now. Whether such materials are properly introduced in connection with dispositive motions or trial may be addressed at the

appropriate time.

   C. <u>Disk Drives</u>

   The thirteen physical disk drives that Seagate seeks to add as prior art can be broken down into three categories. First, the CDM and Finch drives are the products that relate to the CDC-CDM and CDC-Finch Manuals that Dr. Franklin referred to in his prior declarations. To the extent that they are offered as the embodiment of elements that Dr. Franklin specifically discussed, they may be included in Seagate's invalidity contentions. However, to the extent that Seagate seeks to rely on them as demonstrating an element that is not disclosed in the corresponding manuals or that Dr. Franklin did not previously address in connection with the manuals, Convolve had no adequate notice, and no amendment will be permitted.

   The second category consists of the SMD drive that was described in the Samuels printed reference. Since, as discussed above, Convolve did not have adequate notice of the Samuels reference, the SMD drive is likewise precluded.

   The remaining drives are "related drives that illustrate the prior-art use of notch filters in disk drives before the filing of the [patent in suit]." (Seagate Memo. at 23). They were never identified by Dr. Franklin, and Convolve had no notice whatsoever that Seagate might rely on them. Therefore, they may not be included in Seagate's amended invalidity contentions.

Conclusion

For the reasons set forth above, the only new prior art that may be included in Seagate's amended invalidity contentions are the Tallman Posicast Article, Meckl, Swigert, Phillips, Franklin, and the CDC-CDM and CDC-Finch Manuals. They may be relied upon only to the extent that Dr. Franklin specifically analyzed them in his prior declarations[3] and only for purposes of asserting the invalidity of claim 1 of the '635 patent on grounds of anticipation. Similarly, the only physical drives that may be designated prior art are the CDM and Finch drives, and only to the extent that Dr. Franklin previously analyzed the corresponding manuals. Otherwise, the new prior art and related contentions contained in Seagate's Post-Markman Invalidity Contentions are precluded.

SO ORDERED.

JAMES C. FRANCIS IV
UNITED STATES MAGISTRATE JUDGE

Dated:   New York, New York
         September 12, 2007

---

[3] The yellow highlighting in the parties' tracking charts reflects Dr. Franklin's specific analyses. (Franklin 2007 Decl., Exh. B; Bailey Aff., Exhs. 12-20).

10

Copies mailed this date:

James T. Bailey, Esq.
Debra Brown Steinberg, Esq.
Kevin J. McNamee, Esq.
Cadwalader, Wickersham & Taft
One World Financial Center
New York, New York  10281

Albert L. Jacobs, Jr., Esq.
Adam B. Landa, Esq.
Greenberg Traurig, LLP
200 Park Avenue, 34th Floor
New York, New York  10166

Terence P. McMahon, Esq.
Steven J. Akerley, Esq.
Lucy H. Koh, Esq.
Mary B. Boyle, Esq.
Sabrina A. Chang, Esq.
McDermott Will & Emery
3150 Porter Drive
Palo Alto, CA 94304

Michael Sommer, Esq.
Ann E. Schofeld, Esq.
McDermott, Will & Emery LLP
340 Madison Avenue
New York, New York 10017