**BARTLIT BECK HERMAN PALENCHAR & SCOTT LLP**
www.bartlit-beck.com

August 7, 2009

**VIA HAND DELIVERY**

The Honorable George B. Daniels
United States District Judge
United States District Court
  for the Southern District of New York
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street, Room 630
New York, NY 10007

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: **SEP 14 2009**

SO ORDERED:
*George B. Daniels*
George B. Daniels, U.S.D.J.

Dated: **SEP 14 2009**

CHICAGO OFFICE
COURTHOUSE PLACE
54 WEST HUBBARD STREET
CHICAGO, IL 60654
TELEPHONE: (312) 494-4400
FACSIMILE: (312) 494-4440

DENVER OFFICE
1899 WYNKOOP STREET
8TH FLOOR
DENVER, CO 80202
TELEPHONE: (303) 592-3100
FACSIMILE: (303) 592-3140

WRITER'S DIRECT DIAL:
(312) 494-4477
Chris.Landgraff@bartlit-beck.com

Re:  *Convolve, Inc. and Massachusetts Institute of Technology v. Compaq Computer Corporation and Seagate Technology LLC*, Case No. 00 Civ. 5141 (GBD)(JCF)

Dear Judge Daniels:

I write on behalf of Defendant Compaq Computer Corporation ("Compaq") concerning the pretrial schedule in the above matter. Defendant Seagate Technology LLC joins in this pre-motion letter.

At the January 7, 2009 status hearing, the Court set a tentative schedule that includes a September 10, 2009 status hearing and a November 20, 2009 deadline for submission of the Pretrial Order. At the time that tentative schedule was set, the Court anticipated having an April 30, 2009 conference or argument on the summary judgment motions. The April 30 hearing was postponed, as was a subsequent summary judgment hearing scheduled for May 28, 2009. No new date has been set for argument of the pending summary judgment motions.

The pending motions could resolve many of the issues. For example, Convolve has been required to amend the majority of the asserted claims of the '473 patent during reexamination proceedings, and the impact of those amendments is the subject of one of the pending summary judgment arguments that might, and in defendants' view should, dispose of those claims. And, as the Court will recall, in addition to the summary judgment motions that are outstanding, Compaq has pending a motion to dismiss several of Convolve's claims. The summary judgment motions and the motion to dismiss are likely to significantly affect the scope of the trial, and may even obviate the need for a trial altogether.

The pretrial submissions could potentially be streamlined by the Court's rulings, or, at a minimum, be prepared in light of those rulings. Compaq does not seek delay, and will be ready to push forward toward trial, if it is necessary, once these issues are resolved. Compaq respectfully asks that the Court continue the November 20, 2009 deadline until the outstanding motions have been heard and decided. Continuing these deadlines will save the parties significant time and expense of preparing for trial on numerous issues that may never be tried. It will also relieve the Court from the need to resolve additional pretrial disputes that may arise as a result of this preparation, and perhaps even the time and effort of trial itself.

Plaintiff Convolve declined our request that it consent to this extension. Convolve does not agree that the pretrial dates should be continued. We are available to discuss this issue by telephone or in person, should the Court find that to be helpful.

Sincerely,

*Chris D. Landgraff*

Chris D. Landgraff

cc:  Honorable James C. Francis IV (via facsimile)
     Terrence P. McMahon, Esq. (via facsimile)
     Mary B. Boyle, Esq. (via facsimile)
     Vera M. Elson, Esq. (via facsimile)
     Daniel E. Alberti, Esq. (via facsimile)
     Edwin H. Wheeler, Esq. (via facsimile)
     Debra Brown Steinberg, Esq. (via facsimile)
     James T. Bailey, Esq. (via facsimile)
     Kevin McNamee, Esq. (via facsimile)
     James R. Figliulo, Esq. (via facsimile)
     James H. Bowhay, Esq. (via facsimile)