UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CONVOLVE, INC. AND MASSACHUSETTS INSTITUTE OF TECHNOLOGY,<br><br>    Plaintiffs,<br><br>v.<br><br>COMPAQ COMPUTER CORP. AND SEAGATE TECHNOLOGY LLC,<br><br>    Defendants. | Case No.1:00-cv-05141 (GBD) (JCF) |

**DEFENDANT SEAGATE TECHNOLOGY LLC'S RESPONSE TO NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA'S AND AMERICAN INTERNATIONAL UNDERWRITERS INSURANCE COMPANY'S MOTION TO INTERVENE**

Defendant Seagate Technology LLC ("Seagate") respectfully submits this memorandum in response to the motion to intervene filed by two of Seagate's liability insurers, National Union Fire Insurance Company of Pittsburgh, PA ("National Union") and American International Underwriters Insurance Company ("AIU"). This is the second effort by Seagate's insurers to intervene in this action for the stated goal of modifying the Protective Order. The first effort was unopposed by Seagate, but nevertheless unsuccessful when Plaintiffs opposed the motion on several grounds, including concerns that modification of the protective order would "unduly prejudice Convolve by putting its confidential information at risk, creat[e] satellite litigation that will deplete Convolve's limited resources, and depriv[e] this Court of jurisdiction over parties with access to the confidential information produced in reliance on the Convolve Protective Order." Declaration of Mark D. Sheridan ("Sheridan Decl."), Ex. 1.

Seagate and its insurers have been litigating coverage issues related to this case for almost as the long as the case itself.  After all those years, the Ninth Circuit Court of Appeals affirmed the Northern District of California's Rule 54(b) Judgment that National Union has an obligation to defend Seagate in this case.  That judgment is final and binding.  There is no reason to permit intervention and modification of the Protective Order so that the insurers can "litigate and establish their defenses in the coverage action."  Motion ("Mot.") at 3.  National Union's defenses to coverage have been rejected.  Nor is there a basis to permit intervention and modification of the Protective Order so that the insurers may access documents to facilitate the assertion of any reimbursement rights against Seagate.  Under settled principles of California law, Seagate's insurers may not pursue reimbursement until after their obligations to Seagate have been fulfilled and the defense obligation has concluded, neither of which has occurred.

There is one proper purpose, however, for which the insurers seek intervention and modification: to confirm the reasonableness of Seagate's defense costs.  Though the insurers unfortunately appear to have already made up their minds on the issue—"[w]ithout access to these documents, the Insurers cannot review the entirety of Seagate's extraordinary bill for amounts which the requested documents would reveal to be unreasonable"—the insurers are correct, at least procedurally, to seek the documents for that purpose. Mot. at 4.  Seagate has never objected to providing documents protected by this Court's Protective Order to its insurers for proper purposes and under conditions that preserve the protections afforded those materials by the Protective Order, and Seagate does not oppose intervention and modification on proper grounds now.

I.  **INTERVENTION IS IMPROPER TO FACILITATE FURTHER LITIGATION OF THE INSURERS' DEFENSES TO COVERAGE.**

National Union and AIU wrongly and repeatedly contend that they "have a compelling need for [] documents to demonstrate that there is no obligation to provide Seagate with a defense in the action brought by Convolve."  Mot. at 5, *see also id*. at 11-12 ("The ability of the Insurers, as well as the district court presiding over the Coverage Action, to evaluate the

-3-

potential existence of a disparagement claim depends on the facts of this case as shown through the pleadings, discovery, and other documents in the Underlying Action."); 14 ("Now, more than ever, the documents that the Insurers seek to obtain are crucial to their ability to litigate and establish their claims and defenses in the Coverage Action, . . ."). Similarly, the insurers repeatedly seek to cast doubt on the existence of a covered claim in this action. *See, e.g.,* Mot. at 5 ("assuming [potentially covered claims] ever existed in the first instance"); *see id.* at 5 ("Convolve's non-existent disparagement claim"); *see id.* at 6 ("purported entitlement to insurance coverage"); *see id.* at 12 ("purported 'disparagement' claim"); *see id.* at 13 ("supposed disparagement claim"). The Ninth Circuit Court of Appeals, however, has adjudicated the insurers' obligations and conclusively determined that this case presented a potential for coverage. On January 20, 2012, the Circuit Court affirmed the Judgment previously entered that held a duty to defend existed. The Ninth Circuit stated that the "underlying complaint potentially created liability for disparagement thereby giving National [Union] and AISLIC a duty to defend Seagate." Sheridan Decl., Ex. 4 at 4. Petitions for panel rehearing and en banc rehearing were denied, and further review was not sought. The Judgment in the coverage case is final, and there is no basis for further litigation concerning the insurers' defenses to coverage.

   The only issue remaining before the Northern District of California is Seagate's breach of contract counterclaim. Unlike Seagate's counterclaim for declaratory relief that the insurers owe Seagate a defense or the insurers' declaratory relief claims that they do not—all of which have been finally resolved in Seagate's favor—the breach of contract counterclaim addresses damages arising from the insurers' non-defense of Seagate in this case. Resolution of those issues are straightforward and do not provide an occasion for the insurers to revisit whether a defense was owed or for how long it lasts.

   Based on the Ninth Circuit's January 20, 2012 decision in the coverage case, there is no basis to permit National Union and AIU to intervene in this action and seek documents to "evaluate the potential existence of a disparagement claim." Mot. at 11-12. On that basis, the motion should be denied.

## II.   INTERVENTION IS IMPROPER TO ENABLE THE INSURERS TO ASSERT RIGHTS TO REIMBURSEMENT.

National Union and AIU also wrongly contend that intervention and access to documents designated under the Protective Order is needed "to assert their right to reimbursement for monies paid to Seagate for defense costs unrelated to claims covered by Seagate's insurance policies." Mot. at 3. The California Supreme Court held in *Buss v. Superior Court*, 16 Cal.4th 35 (1997), that an insurer is obligated to defend an entire action against its insured whenever any claim is potentially covered. 16 Cal.4th at 48. The Court further held that a defending insurer may *later* seek reimbursement from its insured of any fees and costs allocated to claims not potentially covered. *Id.* at 52-53 (emphasis added).

The rule of *Buss* requires Seagate's insurers to pay the entire cost of Seagate's defense immediately. *See id.* at 49 (citations omitted) ("To defend meaningfully, the insurer must defend immediately. To defend immediately, it must defend entirely."). Seagate's liability insurers are woefully late in defending Seagate in this action. Indeed, they concede millions of dollars of defense costs remain unpaid. Importantly for this motion, the insurers suggest that access to the documents designated under the Protective Order will permit them to assert their reimbursement rights against Seagate. Perhaps at some point in the future, such statements may be correct. However, as the *Buss* case makes clear, Seagate's insurers must first pay Seagate's defense costs. Accordingly, it is improper to permit modification of the Protective Order on the basis of the insurers' reimbursement rights before the insurers have fully paid Seagate's defense costs and satisfied all other obligations owed to Seagate.

## III.   INTERVENTION IS PROPER TO PERMIT THE INSURERS TO EVALUATE THE REASONABLENESS OF SEAGATE'S DEFENSE COSTS.

National Union and AIU are correct that they have an obligation "to determine the reasonableness of the tens of millions of dollars in attorneys' fees and costs that Seagate has submitted for reimbursement for defending this action." Mot. at 3. This is a proper purpose for intervention and modification of the Protective Order. Seagate, therefore, does not oppose the Court granting National Union's and AIU's intervention motion on that basis only.

**IV.     CONCLUSION**

      For the foregoing reasons, Seagate opposes National Union's and AIU's motion to intervene on the grounds that the documents designated under this Court's Protective Order are necessary to the insurers' defenses in the coverage litigation or to permit the insurers to assert rights to reimbursement under *Buss v. Superior Court*.  Seagate does not oppose an order granting intervention to permit National Union to make a determination of the reasonableness of Seagate's defense costs so that those costs can, after many years of waiting, finally be paid.

Dated: July 27, 2012                                 Respectfully submitted,

                                                      */s/ Alex V. Chachkes*
                                                      Alex V. Chachkes (NY State Bar AC2765)
                                                      ORRICK, HERRINGTON & SUTCLIFFE, LLP
                                                      51 West 52nd Street
                                                      New York, NY  10019-6142
                                                      Telephone: 212-506-5000
                                                      Facsimile: 212-506-5151

                                                      *Counsel for Seagate Technology LLC*

Of Counsel:

Robert E. Freitas
FREITAS, TSENG & KAUFMAN LLP
100 Marine Parkway, Suite 200
Redwood Shores, CA 94065
Telephone: 650-593-6300
Facsimile: 650-593-6301

Daniel J. Weinberg
ORRICK, HERRINGTON & SUTCLIFFE, LLP
1000 Marsh Road
Menlo Park, California 941025
Telephone: 650-614-7400
Facsimile: 650-614-7401

-6-

## CERTIFICATE OF SERVICE

I hereby certify that on July 27, 2012, I caused the following document:

- Defendant Seagate Technology LLC's Response to National Union Fire Insurance Company of Pittsburgh, PA's and American International Underwriters Insurance Company's Motion to Intervene;

To be electronically filed with the Clerk of the Court using the CM/ECF system which, pursuant to Local Rule 5.2, is deemed service for purposes of Fed. R. Civ. P. 5.  I certify under penalty of perjury that the foregoing is true and correct.

Dated: July 27, 2012         */s/ Alex V. Chachkes*
                             Alex V. Chachkes